

United States District Court  
Eastern District of LA  
2004 DEC -8 PM 3: 13  
LORETTA G. WHYTE  
CLERK

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-349 |
|---|---|---|
| v. | * | SECTION: "D" |
| IAN BALLARD | * | |

\* \* \*

**RULE TO REVOKE SUPERVISED RELEASE**

**NOW INTO COURT** comes the United States of America, through the undersigned Assistant United States Attorney, who respectfully represents:

Ian Ballard pleaded guilty in the Eastern District of Louisiana on December 21, 2000, for violations of Title 18, United States Code, Section 922(g)(1), relative to felon in possession of a firearm.

On March 7, 2001, Mr. Ballard was sentenced to a term of 21 months of custody in the Bureau of Prisons, to be followed by a three (3) year term of supervised release upon release from prison. (A copy of the Judgment and Probation/Commitment Order is attached as Exhibit 1).

On September 17, 2003, this Court revoked Mr. Ballard's Supervised Release and sentenced him to a term of ten months of custody in the Bureau of Prisons, to be followed by a two (2) year term of supervised release upon release from prison. (A copy of the Judgment and Order Revoking Supervised Release is attached as Exhibit 2).

DATE OF ENTRY  
DEC 1 3 2004

Fee____  
Process____  
X Dktd____  
✓ CtRmDep____  
Doc. No.____

The terms and conditions of Mr. Ballard's supervised release are set forth in Exhibit 1 as well as in the Petition for Warrant or Summons for Offender Under Supervision, filed December 1, 2004. (A Copy of the Petition for Warrant or Summons for Offender Under Supervision is attached as Exhibit 3 and incorporated by reference.) Mr. Ballard violated the terms and conditions of his supervised release in the manner set forth in Exhibit 3. Further, Mr. Ballard violated the terms and conditions of his supervised release as a result of his arrest on December 1, 2004 by the New Orleans Police Department for Possession of Cocaine and Possession of Marijuana.

**WHEREFORE**, the government prays that IAN BALLARD be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause, if any he can, why the term of supervised release granted, should not be revoked for his failure to abide by the terms of said supervised release.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

WILLIAM J. QUINLAN, JR.
Assistant United States Attorney
Bar Roll No. 22600
Hale Boggs Federal Building
500 Poydras Street, Suite 210B
New Orleans, Louisiana 70130
Telephone: (504) 680-3028

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this ___ day of _____ 20__.

_____
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-349 |
| v. | * | SECTION: "D" |
| IAN BALLARD | * | |

\*   \*   \*

## ORDER

Considering the foregoing Rule to Revoke Supervised Release;

**IT IS HEREBY ORDERED** that IAN BALLARD appear before this Court on the 5th day of January, at 11:00 a.m., at the United States District Court, Eastern District of Louisiana, 500 Poydras Street, Room C-102, New Orleans, Louisiana, to show cause, if any he can, why the term of supervised release granted to him should not be revoked.

New Orleans, Louisiana, this ___ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

GOVERNMENT EXHIBIT "1"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DIS[TRICT COURT]
EASTERN D[ISTRICT]
Filed MAR 7 2001
LORETTA G. WHYTE
CLERK

| UNITED STATES OF AMERICA | | CRIMINAL ACTION | |
|---|---|---|---|
| vs IAN BALLARD | 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 | | 00-349 "D" |
| 6320 Burgundy St, N.O., LA 70117 | (SOCIAL SECURITY NO.) | | (CASE NO./SECTION) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date ------------(  Month  Day  Year  MARCH 7, 2001  )

__ WITHOUT COUNSEL     However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

X  WITH COUNSEL      Ronald Small, FPD
               (Name of Counsel)

Court Reporter's Name: Arlene Movahed     Probation Officer: Robyn Gulledge
PLEA:  x  GUILTY, and the court being satisfied __NOLO CONTENDERE __NOT GUILTY
     that there is a factual basis for the plea.

There being a finding of     (__ NOT GUILTY. Defendant is discharged.

                  ( x GUILTY as to Count 1 on December 21, 2000

Defendant has been convicted as charged of the offense(s) of 18:922(g)(1) and 924 (a)(2), Violation of the Federal Gun Control Act as charged in the Indictment

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 21 months, as to Count 1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years, as to Count 1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district in which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this court, and shall not possess a firearm. In addition to the standard conditions of supervision, the defendant shall comply with the following special conditions:
1) The defendant shall provide the probation officer with access to any requested financial information.
2) The defendant shall participate in an orientation and life skills program as directed by the probation officer.
3) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.
The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100.00 as to Count 1.

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of supervision imposed above, IT IS HEREBY ORDERED that the general conditions of probation/supervised release set out on the reverse side be imposed.

IT IS FURTHER ORDERED:
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest. The interest requirement is (waived) (modified as follows):

DATE OF ENTRY
MAR 8 2001

SIGNED BY:
x  U.S. District Judge
__ U.S Magistrate

(Date) March 7, 2001

CERTIFIED AS A TRUE COPY
ON THIS DATE _____

BY: _____
       Deputy Clerk

Fee____
Process___
X  Dktd___
CtRmDep___
Doc.No. 13

GOVERNMENT EXHIBIT "2"

USA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 17 PM 4:29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL DOCKET

VERSUS          NO. 00-349

IAN BALLARD          SECTION D

### JUDGMENT AND ORDER REVOKING SUPERVISED RELEASE

On the 17th day of September, 2003, defendant, Ian Ballard appeared in court with his counsel, George Chaney, on a Rule to Show Cause why the supervised release ordered on March 7, 2001, should not be revoked, and why sentence should not be imposed on him for violation of the terms of his supervised release. At that time, the court ordered that the defendant be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 21 months and upon release from imprisonment, the defendant be placed on supervised release for a term of three(3) years.

The defendant, having admitted to the several violations of his supervised release as alleged in the Rule to Revoke Supervised

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

Release, the court finds that the defendant has violated the terms and conditions of his aforesaid supervised release.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant's term of supervised release imposed on March 7, 2001 is hereby RECALLED, REVOKED AND SET ASIDE.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ten months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of two years.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report to the probation office in the district to which the defendant is released.  While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this court, and shall not possess a firearm.  In addition, the following special conditions of supervised release are imposed:

1) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer,

until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.

2) The defendant shall participate in an orientation and life skills program as directed by the probation officer.

IT IS FURTHER ORDERED that the Clerk deliver a certified copy of this Judgment and Commitment to the United States Marshal or other qualified officer and that same shall serve as the commitment herein.

IT IS FURTHER ORDERED that the defendant is hereby REMANDED to custody the United States Marshal.

New Orleans, Louisiana, this 17th day of September, 2003.

_____
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY
SEP 1 8 2003
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

GOVERNMENT EXHIBIT 3

Prob 12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 DEC -1
LORETTA G. WHYTE

PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Name of Offender : IAN C. BALLARD                Case Number : 2:00CR00349-001D

00 cr 349

Name of Sentencing Judicial Officer  :     Honorable A. J. McNamara

Offense :     18 USC 922 (g)(1) - Felon in possession of a firearm

Date of Sentence :   September 17, 2003 (Supervised Release Revocation)*

Sentence :  Ten months in the custody of the Bureau of Prisons, followed by a supervised release term of two years.

*Original sentencing date - March 7, 2001

Special Conditions :

1. Drug treatment
2. Orientation and life skills

Type of Supervision :    Supervised Release          Date Supervision Commenced : May 10, 2002
Assistant U.S. Attorney:    Michael Magner            Defense Attorney : Virginia Schlueter

---

## PETITIONING THE COURT

[ X ] To issue a warrant                                    [ ] To issue a summons

For the arrest of Ian C Ballard for alleged violations of Supervised Release, and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Mandatory Condition | On July 3, 2004, Ballard admitted smoking marijuana. |
| | On August 31, 2004, Ballard submitted an urinalysis to personnel at the U.S. Probation Office which tested positive for marijuana. Ballard admits to smoking marijuana. |
| Standard Condition No. 3 | On August 31, 2004, Ballard failed to follow the instructions of this officer as he failed to report to the Methodist Counseling Center to register for the random urinalysis testing program. |
| | On September 22, 2004, Ballard failed to follow the instructions of this officer as he failed to report to Family Services of Greater New Orleans to register for substance abuse treatment. |
| | On November 19, 2004, Ballard failed to report to the U.S. Probation Office to submit to a urinalysis testing. |

DATE OF ENTRY
DEC - 1 2004

___ Fee
___ Process
X   Dktd
___ CtRmDep
___ Doc. No.

**CUSTODIAL STATUS :**

Ballard is not in custody at this time.

_____
Michael E. Fulham
U.S. Probation Officer
November 23, 2004


REVIEWED BY:
_____
Stephanie H. Williams
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ]   No Action
[✓]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial-Officer

_____
Date

Address of Offender:    816 N. Dorgenois
                        New Orleans, LA 70119


THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
   Original          - Clerk's Office
   1 Copy Certified  - U.S. Attorney
   1 Copy Certified  - U.S. Marshal's Office
   2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

